**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

Case No. 1:26-cv-130

**ZACHARY ZURICH,** a citizen of Virginia,
Plaintiff,

*v.*

**DAVID NEISWENTER,** a citizen of Florida,
**NEIS ACQUISITIONS 5192, LLC,** a Georgia Limited Liability Company named as a nominal defendant;
**NEIS ACQUISITIONS AUXGA, LLC,** a Georgia Limited Liability Company named as a nominal defendant,

Defendants,
_____________________________________________/

## COMPLAINT

Plaintiff Zachary Zurich, pro se, files this Complaint and alleges as follows:

### I. NATURE OF THE ACTION

1. This action arises from an irreconcilable 50/50 deadlock between Zurich and Neiswenter concerning two closely held Georgia limited liability companies and valuable commercial real estate in Bibb County, Georgia.

2. Zurich seeks (a) judicial dissolution of the deadlocked companies under O.C.G.A. § 14-11-603; (b) appointment of a neutral receiver under Federal Rule of Civil Procedure 66 to preserve and administer the companies and their property pending adjudication of the dispute; and (c) damages against Neiswenter personally for breach of fiduciary duty.

### II. JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Zurich and Neiswenter are citizens of different States, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Plaintiff Zachary Zurich is a natural person and a citizen of the Commonwealth of Virginia, domiciled in Fairfax County, Virginia.

5. Defendant David Neiswenter is a natural person and a citizen of the State of Florida, domiciled in Broward County, Florida.

6. Neis Acquisitions 5192, LLC ("5192") and Neis Acquisitions AUXGA, LLC ("AUXGA") are named only as nominal defendants. Zurich asserts no claim for damages against either entity. The substantive controversy is between Zurich and Neiswenter, the two 50% members whose deadlock prevents the entities from acting. The entity Defendants are included as nominal defendants to the extent necessary to effectuate the dissolution relief.

7. For purposes of diversity jurisdiction, federal courts disregard nominal parties and determine jurisdiction based upon the citizenship of the real parties to the controversy. *Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017). See also *Fox v. Bulkley*, No. 3:24-cv-00031-TES (M.D. Ga. May 17, 2024).

8. Plaintiff has no monetary claim against Neis Acquisitions 5192, LLC or Neis Acquisitions AUXGA, LLC. The real parties to the controversy are Zurich (Virginia) on one side and Neiswenter (Florida) on the other.

9. The amount in controversy independently exceeds $75,000 because Zurich seeks compensatory damages from Neiswenter personally in excess of $75,000. The economic interests affected by this dispute are substantially greater.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District and a substantial part of the property that is the subject of this action is situated in Bibb County, Georgia.

11. This action is properly assigned to the Macon Division because Bibb County lies within the Macon Division of the Middle District of Georgia. See 28 U.S.C. § 90(b)(2).

12. This Court may exercise personal jurisdiction over Neiswenter because he owns and manages interests in Georgia limited liability companies that own and operate Georgia real property, has transacted business concerning the Property in this District, and the claims arise directly from that conduct and those interests.

## III. PARTIES AND RELATED ENTITIES

13. Zachary Zurich owns a 50% membership interest in Neis Acquisitions 5192, LLC and 50% ownership interest in Neis Acquisitions Auxga, LLC.

14. David Neiswenter owns the remaining 50% membership interest in Neis Acquisitions 5192, LLC and 50% interest in Neis Acquisitions Auxga, LLC

15. Neis Acquisitions 5192, LLC is named as a nominal defendant. It owns a controlling interest in the Eisenhower Crossing shopping center located in Macon, Bibb County, Georgia described in Exhibit A (the "Property").

16. Neis Acquisitions AUXGA, LLC is named as a nominal defendant. It owns the majority of what will be referred to as the "Auxiliary Property," which is on a separate legal parcel but physically attached to property controlled by Neis Acquisitions 5192, LLC.

## IV. FACTS

17. Zurich and Neiswenter are deadlocked on material management decisions concerning leasing, capital allocation, and the timing and terms of a sale of the Property and Auxiliary Property.

18. Because of the deadlock, the companies cannot make important management decisions in a reasonably practicable manner.

19. The Property is subject to a City National Bank loan with an approximate principal balance of $8,500,000 that matures on December 17, 2026. The entities do not have sufficient cash to satisfy the principal balance at maturity.

20. The property controlled by Neis Acquisitions 5192, LLC and the Auxiliary Property have a value between $23,000,000 and $28,000,000. A sale process can take four to five months.

21. Existing and prospective tenants have expressed interest in leases, renewals, expansions, or other transactions at the Property and Auxiliary Property, including Ross, Dunkin'/DD, Five Below, Rainbow, GameStop, and others. Those transactions have the potential to increase occupancy, net operating income, and value.

22. Neiswenter has refused, failed, or delayed approval or execution of material lease renewals, amendments, and new leases, including transactions involving Ross, DD, Five Below, Rainbow, GameStop, and other opportunities, despite Zurich's objections and requests for timely action.

23. Five Below, for example, has been associated with approximately 30,000 square feet of vacant space. Continued vacancy of significant space materially affects cash flow and the value of the shopping center.

24. Neiswenter has also sought or advocated distributions of company funds at a time when the entities require liquidity for debt service, tenant improvements, leasing commissions, operating expenses, and preparations for the December 2026 loan maturity.

25. Without prompt resolution of the deadlock, the entities face a substantial risk of continued vacancy, lost leasing opportunities, impaired value, and a maturity default that could trigger default interest, legal fees, and foreclosure.

26. The parties' equal ownership and inability to agree on essential management decisions have made it not reasonably practicable to continue the businesses in conformity with their governing agreements.

27. Zurich has no adequate remedy that will restore functioning governance while the parties remain deadlocked. A neutral judicial mechanism is required to preserve value and protect the assets while the entities are dissolved and wound up.

**COUNT I - Judicial Dissolution under O.C.G.A. § 14-11-603**

28. Zurich incorporates paragraphs 1 through 27 as if fully set forth herein.

29. O.C.G.A. § 14-11-603(a) authorizes a court, on application by or for a member, to decree dissolution of a Georgia limited liability company when it is not reasonably practicable to carry on the business in conformity with the articles of organization or a written operating agreement.
30. The governing agreements of the defendant entities provide no effective mechanism for breaking the present deadlock, and the parties are unable to agree on material leasing, liquidity, and sale decisions necessary to operate the businesses and protect their assets.
31. The approaching loan maturity, inability to fund the principal balance, blocked or delayed leasing decisions, and inability to agree upon a timely disposition of the assets demonstrate that continued operation under the existing 50/50 governance structure is not reasonably practicable.

WHEREFORE, Plaintiff requests a decree judicially dissolving 5192 and AUXGA pursuant to O.C.G.A. § 14-11-603(a), together with such ancillary orders as are lawful and necessary to effectuate the dissolution and winding up of the entities. Plaintiff seeks recovery of legal fees and costs as may be appropriate under applicable law.

## COUNT II - Breach of Fiduciary Duty

32. Plaintiff incorporates paragraphs 1 through 27.
33. Neiswenter participates in the management of 5192 and AUXGA. Subject to the terms of the governing agreements, Georgia law requires a managing member or manager to act in good faith and in the best interests of the limited liability company and with the care an ordinarily prudent person in a like position would exercise under similar circumstances. O.C.G.A. § 14-11-305.
34. Neiswenter breached those duties by refusing and failing to approve, execute, or timely act on the lease matters alleged above, and by conduct alleged above, in order to depress cash flow, occupancy, and value and to acquire Zurich's interest at a discount.
35. Those acts were in Neiswenter's self-interest and contrary to the best interests of the companies and of Zurich.

36. As a direct and proximate result, Zurich has suffered and will suffer damages, including lost rent, increased vacancy, diminished value, higher carrying costs, lost tenant opportunities, and other consequential damages.

37. Zurich seeks compensatory damages against Neiswenter in an amount to be proven at trial, exceeding $75,000, together with pre- and post-judgment interest and costs.

**WHEREFORE**, Plaintiff Zachary Zurich respectfully requests that the Court enter judgment in his favor and against Defendant David Neiswenter on Count III; award compensatory damages in an amount to be proven at trial, but in excess of $75,000; award pre-judgment and post-judgment interest and taxable costs as permitted by law; and grant such other and further relief as the Court deems just and proper. Plaintiff seeks recovery of legal fees and costs as may be appropriate under applicable law.

**Jury Trial Demand**

Plaintiff demands a trial by jury of any issue triable of right by a jury.

**/s/ Zachay Zurich**
Zachary Zurich, *Pro Se*
1113 Towlston Road
McLean, Virginia 22102
(954) 557-0389
zaczurich@gmail.com