**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

ZACHARY ZURICH, Plaintiff, v. DAVID NEISWENTER;
NEIS ACQUISITIONS 5192, LLC; and NEIS ACQUISITIONS AUXGA, LLC, Defendants.

**Civil Action No. 5:26-cv-00388-MTT**

---

# EXHIBIT B

Operating Agreement of Neis Acquisitions 5192, LLC,
an Illinois limited liability company

*Dated March 1, 2019*

---

Cited at Paragraph 30 of the First Amended Complaint

**OPERATING AGREEMENT OF**

**NEIS Acquisitions 5192, LLC, an Illinois Limited Liability Company**

This operating agreement ("agreement") is entered into on March 1, 2019, by David Neiswenter and Zachary Zurich jointly sometimes referred to below as (the "initial members")

## RECITALS

The initial members desire to form and formulate a limited liability company ("limited company") under the laws of the State of Illinois.

The initial members have executed the articles of organization, attached to and made a part of this agreement.

The articles of organization have been filed with the Secretary of State of Illinois and made a part of this agreement.

The initial members desire to activate the limited company by executing the following agreement.

Therefore the following agreement shall be in full force and effect until amended according to the unanimous agreement of each of the members of the limited company:

## § 1.

§ 1.1. Name. The name of the limited company shall be **NEIS Acquisitions 5192, LLC**

§ 1.2. Duration. The limited company's period of duration shall be perpetual.

§ 1.3. Registered Agent. The Registered Agent of the limited company shall be Registered Agents Inc.
Your registered office address:
1900 E. Golf Rd., STE 950A
Schaumburg , IL 60173

§ 1.4. Mailing Address. The mailing address of the limited company shall 2885 Sanford Ave SW 25343, Grandville, MI 49418

§ 1.5. Purpose. Any and all lawful purpose.

§ 1.6. Powers. The powers, duties and obligations of the limited company shall include, without limitation, all of the powers, duties and obligations allowed a limited liability company, pursuant to Illinois law.

## § 2.

§ 2.1. Managers.

a The limited company's everyday business and affairs shall be vested in its members.

**b.** Any member or agent authorized by a member may enter into any contract or execute and deliver any instrument on behalf of the limited company, consistent with the terms of this agreement, unless that member is aware that the other member objects in which case there shall be a vote by all those with voting interest and the majority shall prevail. This authority may be general or confined to specific instances. No

contract for sale or lease shall be entered into unless either both members sign or there is a vote of voting interest and the majority authorizes such action.

c No contract or transaction between the limited company and one or more of its managers or members, or between the limited company and any other limited company, partnership, association, corporation, or other organization in which one or more of its managers or members are managers, shareholders or officers, or have a financial interest, shall be void or voidable solely for this reason or solely because the manager or member is present at or participates in the meeting of the board or committee of the board which authorizes the contract or transaction, or solely because their votes are counted for that purpose, if:

(i) The material facts regarding *his* or *her* relationship or interest and regarding the contract or transaction are disclosed or are known to any disinterested managers and members and the disinterested managers and members authorize the contract or transaction by the affirmative votes of a majority, even though they are less than a quorum; or

(ii) The material facts regarding *his* or *her* relationship or interest and regarding the contract or transaction are disclosed or are known to the members entitled to vote on it, and the contract or transaction is specifically approved in good faith by vote of the members.

## § 3.

§ 3.1 Member's Name Voting Interest/Member's Share

Initial Capital Required $110,000

Zachary Zurich $ 50,000 50%
David Neiswenter $50,000 50%

§ 3.2 Capital Calls

In the event that a majority of the vote requires a capital call with in a time as determined by majority vote and a member fails to make said capital call then any other member who elects to make the nonpaying members capital call will also acquire a percentage interest from the non paying member.

## § 4

Company shall be initially funded into Law Office of Zachary Zurich, P.A. Trust Account in the following amounts $100,000. Initially Zachary Zurich funded $75,000 and David Neiswenter funded $25,000. David Neiswenter later fund $25,000 to Zachary Zurich trust account to correct this and Zachary drew out these funds back to himself personally to reimburse himself. As such each member has contributed their initial $50,000 capital required. Members will be required to make an the balance of their capital contributions on or before March 8, 2019 provided the company's account is open at the bank which initially will be City National Bank.

The company has through a conduit Neis Acquisitions, LLC, a Florida Limited Liability Company contracted to buy a Walgreens in Chicago, IL. The contract will be transferred at closing to Neis Acquisitions 5192, LLC ie this company. At the time of closing in the event financing is not ready then Doral Flex II, LLC shall lend to Company such funds as are necessary above and beyond a loan from Neis Acquisitions, LLC for $1,000,000 to fund the proposed acquisition and closing costs and shall be paid interest on said loans at a rate of 12.5% per annum paid monthly. Neis Acquisitions, LLC shall be paid 12.5% per annum for its loan to the Company. Upon refinance loans will be paid back to the extent proceeds are available provided that after refinance the outstanding balance of any debt to Neis Acquisitions, LLC shall equal the debt to Doral Flex II, LLC. . The remaining amounts outstanding shall be paid interest at 12.5% per annum. Zachary Zurich currently owns 5% of Neis Acquisitions, LLC and agrees to relinquish same to Neis Acquisitions in exchange for a payment due in the amount of approximately $3,500 to be paid within 90 days to South Florida Realty & Mortgage, LLC. This relinquishment of membership interest shall be retroactive to January 1, 2019

§ 5.

§ 5.1. Titles and Subtitles. Titles of the paragraphs and subparagraphs are placed in this agreement for convenient reference only and shall not to any extent have the effect of modifying, amending or changing the express terms and provisions of this agreement.

§ 5.2. Rules of Construction. As used in this agreement, unless the context clearly indicated the contrary, the singular number shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.

§ 5.3. Execution in Counterpart. This limited company agreement may be executed in any number of counterparts, each of which shall be taken to be an original.

§ 5.4. Severability. In the event any parts of this agreement are found to be void, the remaining provisions of this agreement shall nevertheless be binding with the same effect as though the void parts were deleted.

§ 5.5. Effective Date. This agreement shall be effective only on execution by all of the proposed members.

§ 5.6. Assignability. Except as otherwise specifically provided in this agreement to the contrary, a member may only assign his or her interest in the limited company, in whole or in part, by majority consent of all non-assigning member(s), except for an assignment to the spouse or child of a member or to the spouse or child of a majority shareholder of a member.

§ 5.7. Execution. This agreement may be executed by each of the members on a separate signature page.

§ 5.8. Waiver. No waiver of any provisions of this agreement shall be valid unless in writing and signed by the person or party against whom charged.

§ 6

§ 6.1 Membership interest cannot be sold without consent of a majority interest. In the event of an involuntary transfer otherwise permitted by law then the acquiring individual shall not have a voting interest.

§ 6.2 Member Zachary Zurich is a licensed attorney but is not licensed in the State of Illinois. Zachary Zurich has drawn up this operating agreement and reviewed the contract for purchase. All of these actions Zachary Zurich is doing in his capacity as a partner and not as a lawyer nor on behalf of his law office, Law Office of Zachary Zurich, PA.

§ 6.3 There was a brokerage fee in the deal in the amount of $47,250. This commission was waived in order to get a reduction in the purchase price. At closing Company agrees to pay a fee to South Florida Realty & Mortgage of $4,725.00 which is 10% of the amount of original fee.

§ 6.4 Zachary Zurich will be reimbursed for actual costs spent to form the company and engage the registered agent and for any third party reports ordered and paid for.

The parties have executed this agreement on March 1, 2019

Zachary Zurich

David Neiswenter