**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ZACHARY ZURICH,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-388 (MTT)** |
| **DAVID NEISWENTER, et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendant David Neiswenter's motion for leave to exceed page limitations for a brief in support of an emergency motion for appointment of a receiver and entry of a temporary restraining order and preliminary injunction. ECF 6. The motion (ECF 6) is **GRANTED**. Neiswenter may file a brief in support of the motion not exceeding thirty-three pages.

That said, the Court is not satisfied it has subject matter jurisdiction in this case. "[A] court *sua sponte* can raise a jurisdictional defect at any time, leading to dismissal of the relevant action." *Barnett v. Bailey*, 956 F.2d 1036, 1039 (11th Cir. 1992) (citation omitted); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff Zachary Zurich asserts the Court has diversity jurisdiction over his claims pursuant to 28 U.S.C. § 1332. ECF 2 ¶ 12. To allege diversity jurisdiction under 28 U.S.C. § 1332, a complaint must allege the amount in controversy exceeds "$75,000, exclusive of interest and costs, and is between . . . citizens of different States." *See* 28 U.S.C. § 1332(a). Here, the

complaint plausibly alleges the amount in controversy exceeds $75,000, but the parties may not be entirely diverse.

The complaint alleges that Zurich is a Virginia citizen. ECF 2 ¶ 6. It also alleges that Neiswenter is a Florida citizen. *Id.* ¶ 7. If those two were the only parties, diversity would be satisfied. But Zurich also names as Defendants Neis Acquisitions 5192, LLC ("5192") and Neis Acquisitions AUXGA, LLC ("AUXGA"). *Id.* ¶¶ 8, 10. An LLC is a citizen of every state in which its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 189, 195–96 (1990); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). Zurich is a member of AUXGA. ECF 2 ¶ 16. An LLC is the sole member of 5192, but Zurich is also a member of that LLC. *Id.* Thus, AUXGA and 5192 share Zurich's Virginia citizenship, which would ordinarily destroy complete diversity. Zurich contends that the Court should not consider the LLCs' citizenships, arguing they are nominal defendants. *Id.* ¶¶ 15–16. Federal courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017).

A nominal party is "'neither necessary nor indispensable' to the action." *Id.* (quoting *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen and Assistants' Local 349*, 427 F.2d 327 (5th Cir. 1970)).[1] "'[T]he ultimate test' for whether a defendant is nominal is 'whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to [a] plaintiff." *Id.*; *see Masters v. Harkleroad,* 303 F. App'x 859,

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

861 (11th Cir. 2008) ("[W]e have found no authority . . . holding that a LLC which a plaintiff seeks to put into a receivership, dissolve, and enjoin from engaging in any business activity is merely a nominal party."); *see also Fox v. Bulkley*, 2024 WL 2239742, at *5 (M.D. Ga. May 17, 2024) (holding an LLC was a nominal party in an action for dissolution under Georgia law).

Count I asserts a direct claim against Neiswenter for breach of fiduciary duty as a manager of 5192 and of AUXGA, and Count II seeks judicial dissolution of 5192 and AUXGA under Georgia law. ECF 2 ¶¶ 80–98. In their answer, Defendants deny "that Plaintiff has established that either entity Defendant is dispensable, that complete relief may be accorded without the entity Defendants, or that Count I may properly proceed if the entity Defendants are dropped." ECF 5 ¶ 17. In addition, "Defendants further deny that Count I states a valid direct claim against Neiswenter." *Id*. Neiswenter asserts counterclaims, however, and states that the Court has § 1332 jurisdiction over Zurich's claims and that the Court has supplemental jurisdiction over Neiswenter's state law claims.[2] *Id.* at 32 ¶ 9. Additional briefing would aid the Court in determining whether 5192 and AUXGA are necessary or indispensable or if they are "nominal" parties in this case.

Accordingly, the parties are **ORDERED** to address the basis for the Court's subject matter jurisdiction over Zurich's complaint and Neiswenter's counterclaims, including whether 5192 and AUXGA are nominal parties. Neiswenter shall address subject matter jurisdiction in the first section of his brief supporting his anticipated emergency motion. Zurich shall address subject matter jurisdiction in any response to

[2] Neiswenter also asserts a counterclaim under 18 U.S.C. § 1962(c). ECF 5 at 82–102 ¶¶ 231–314. The Court has original jurisdiction over this claim. 28 U.S.C. § 1331.

the emergency motion. If Zurich does not respond to the motion, he shall file a separate response to this Order.

**SO ORDERED**, this 21st day of October, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT