IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **Zachary Zurich**,<br><br>Plaintiff and<br>Counterclaim-Defendant<br><br>v.<br><br>**David Neiswenter**, individually, and David Neiswenter as member of all named nominal defendants.<br><br>Defendant and<br>Counterclaim-Plaintiff<br><br>**NEIS Acquisitions 5192, LLC**, a Georgia limited liability company<br><br>**NEIS Acquisitions AUXGA, LLC**, a Georgia limited liability company<br><br>Nominal Defendants,<br><br>**NEIS Acquisitions GA, LLC**, a Georgia limited liability company,<br><br>**NEIS Acquisitions PopGA1, LLC**, a Georgia limited liability company,<br><br>**NEIS Acquisitions 5192, LLC**, a Tennessee limited liability company,<br><br>**NEIS Acquisitions 5192, LLC**, an Illinois limited liability company,<br><br>**NEIS Acquisitions 6433 KY, LLC**, a Kentucky limited liability company,<br><br>**NEIS Acquisitions 6471, LLC**, a Kentucky limited liability company,<br><br>**NEIS Acquisitions 28232 PA, LLC**, a Pennsylvania limited liability company, | Civil Action File No.<br>5:26-cv-00388-MTT |

**NEIS Acquisitions 28382 PA, LLC**, a Pennsylvania limited liability company,

**NEIS Acquisitions 3502 IN, LLC**, an Illinois limited liability company,

**NEIS Acquisitions 22298, LLC**, a Texas limited liability company,

**NEIS Acquisitions 4651 SC, LLC**, a South Carolina limited liability company,

**FDSTLMO 26945, LLC**, a Missouri limited liability company, and

**National Property Management Services, LLC**, a Georgia limited liability company.

Additional Nominal Defendants Joined Pursuant to Rules 13(h), 19, and 20,

**The Law Office of Zachary Zurich, P.A.**, a Florida Professional Association and

**2364 TICZ, LLC**, a Georgia limited liability company

Additional Counterclaim Defendants Joined Pursuant to Rules 13(h) and 20.

**EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND ENTRY OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

COMES NOW Defendant and Counterclaim-Plaintiff David Neiswenter ("**Neiswenter**" or "**Counterclaim-Plaintiff"**), by and through counsel, individually and as a member of the jointly-owned company Defendants named nominally herein[1], and files his *Emergency Motion for*

[1] Plaintiff originally named **NEIS Acquisitions 5192, LLC**, a Georgia limited liability company, and **NEIS Acquisitions AUXGA, LLC**, a Georgia limited liability company as nominal

*Appointment of Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction* ("**TRO/Receiver Motion**") seeking appointment of a Federal Receiver ("**Receiver**") and entry of a temporary restraining order and preliminary injunction against Plaintiff and Counterclaim-Defendant Zachary Zurich ("**Zurich**" or "**Counterclaim-Defendant**") and Counterclaim-Defendants The Law Office of Zachary Zurich, P.A., a Florida professional association (the "**Law Office**"), and 2364 TICZ, LLC, a Georgia limited liability company ("**TICZ**") (collectively herein, Zurich, the Law Office, and TICZ are ("**Counterclaim-Defendants**"), and shows the Court as follows:

## I. SUMMARY OF RELIEF SOUGHT

1.

By his TRO/Receiver Motion, Neiswenter requests entry of an order: (1) granting the TRO/Receiver Motion; (2) appointing a Federal Receiver with all rights and authority set forth in the Proposed Order over the Jointly Owned Companies (defined below), together with their assets, bank accounts, money-market accounts, reserve accounts, treasury accounts, financial records, business operations, and property interests.; (3) imposing temporary and interlocutory relief against the continued unilateral and unauthorized actions of Counterclaim-Defendants with regard to the Jointly Owned Companies (defined below), together with their assets, bank accounts, money-market accounts, reserve accounts, treasury accounts, financial records, business operations, and property interests; and (4) granting any other and further relief as is just and appropriate. In support of the TRO/Receiver Motion, Neiswenter relies upon his *Brief in Support*

---

Defendants in the above-referenced action. Additional nominal Defendants above are joined in Neiswenter's Answer/Counterclaims (Doc. 5) pursuant to Federal Rule of Civil Procedure ("Rule") 13(h), 19, and 20.

*of David Neiswenter's Emergency Motion for Appointment of Receiver and Entry of a Temporary Restraining Order and Preliminary Injunction* ("**Brief**") filed simultaneously herewith, *David Neiswenter's Verified Answer, Affirmative Defenses, and Counterclaims* (**"Answer/Counterclaims"** or "**Countercl.**") (Doc. 5), evidence to be presented at an evidentiary hearing, and all other matters of record.

## II. GROUNDS FOR RELIEF SOUGHT AND SCOPE OF REQUEST

### A. Federal Receivership Requested

2.

As set forth in Neiswenters' Brief and Answer/Counterclaims, the immediate appointment of a Federal Receiver is necessitated by the complex nature of and exigent circumstances surrounding this case, deadlock of the 50/50 owners, and disputes regarding multiple real estate holding in various states and the risk of continued dissipation of the funds of the Jointly Owned Companies (defined below) at the hands of Counterclaim-Defendants Zurich and the Law Office. (*See* Brief §§ III(B), incorporated by reference herein; Countercl. ¶¶ 171 - 185).

3.

At all relevant times, Neiswenter and Zurich have been equal 50/50 owners of multiple limited liability companies and affiliated entities holding interests in commercial real estate and related assets, and maintaining numerous related banking relationships and operating accounts (collectively, the "**Jointly Owned Companies**" or "**Companies**" or each a "**Company**"). (Countercl. ¶ 1). The Jointly Owned Companies are defined as and include the following nominal Defendants:

(1) **NEIS Acquisitions 5192, LLC**, a Georgia limited liability company;

(2) **NEIS Acquisitions AUXGA, LLC,** a Georgia limited liability company;

(3) **NEIS Acquisitions PopGA1, LLC**, a Georgia limited liability company;

(4) **NEIS Acquisitions 5192, LLC**, a Tennessee limited liability company;

(5) **NEIS Acquisitions 5192, LLC**, an Illinois limited liability company;

(6) **NEIS Acquisitions 6433 KY, LLC**, a Kentucky limited liability company;

(7) **NEIS Acquisitions 6471, LLC**, a Kentucky limited liability company;

(8) **NEIS Acquisitions 28232 PA, LLC**, a Pennsylvania limited liability company;

(9) **NEIS Acquisitions 28382 PA, LLC,** a Pennsylvania limited liability company;

(10) **NEIS Acquisitions 3502 IN, LLC**, an Illinois limited liability company;

(11) **NEIS Acquisitions 22298, LLC**, a Texas limited liability company;

(12) **NEIS Acquisitions 4651 SC, LLC**, a South Carolina limited liability company;

(13) **FDSTLMO 26945, LLC**, a Missouri limited liability company; and

(14) **National Property Management Services, LLC**, a Georgia limited liability company.

(*See* Countercl. ¶2.)

4.

Neiswenter seeks appointment of a Federal Receiver with all rights and authority available under applicable law over the Jointly Owned Companies, together with their assets, bank accounts, money-market accounts, reserve accounts, treasury accounts, financial records, business operations, and property interests. As described in Neiswenter's Brief, Counterclaim-Defendant Zurich has previously initiated legal proceedings on an emergency basis wherein he requested a receiver and asserted under oath and to the court that the appointment of a receiver was necessary to protect Company assets, preserve Company operations, address management disputes, and safeguard the interests of the Companies and their stakeholders, and the court in such litigation

indicated it would grant Zurich the principal relief he sought and appoint a receiver in involving these same assets and substantially similar allegation. (Countercl. ¶ 182). Zurich dismissed this prior litigation before any such order was formally entered.

5.

Counterclaim-Plaintiff Neiswenter believes that John F. Kennedy ("Kennedy") of James Bates Brannan Groover, LLP possesses substantial experience in commercial real-estate matters, financial administration, business disputes, receiverships, and court supervised fiduciary appointments and is well qualified to serve as receiver. (Countercl. ¶ 183).

6.

Counterclaim-Plaintiff Neiswenter requests the appointment of Kennedy as the Federal Receiver in this case, or other receiver determined to be suitable by the Court, to be vested with all powers necessary to:

(1) preserve and protect Jointly Owned Company assets;

(2) receive, collect, hold, and administer Jointly Owned Company funds;

(3) obtain and maintain access to all Jointly Owned Company accounts, financial records, and financial information;

(4) supervise leasing activity and tenant communications;

(5) supervise refinancing efforts and lender communications;

(6) preserve Jointly Owned Company records and electronically stored information;

(7) investigate disputed transfers of Jointly Owned Company funds;

(8) make disbursements to the members in the ordinary course of business;

(8) take such other actions that may be necessary to preserve and administer the Jointly Owned Companies pending final resolution of this action. (Countercl. ¶184). As demonstrated in

Neiswenter's Brief, the appointment of a Federal Receiver is necessary and in the best interests of the Companies, their owners, their creditors, and other stakeholders. (Countercl. ¶ 185).

### B. Narrowly Tailored Injunctive Relief Requested

**7.**

As set forth in Neiswenter's Brief and Answer/Counterclaims, Zurich and the Law Office have engaged in, and upon information and belief continue to engage in, unilateral conduct affecting the Jointly Owned Companies and their finances, banking relationships, leasing activities, governance, records, personnel, and confidential business information. (*See* Brief Section III(B); Countercl. ¶ 142). Specifically, Zurich has exercised unilateral control over Jointly Owned Company funds, restricted Neiswenter's access to Company accounts and financial information, caused or permitted Company funds to be transferred into accounts outside the ordinary operating accounts of the Companies, utilized the Law Office's trust accounts, Treasury Direct accounts, and other investment accounts without authorization, and failed to provide complete transparency concerning the location, ownership, and disposition of Company funds. (Countercl. ¶ 143). Zurich has also acted unilaterally concerning leasing opportunities, tenant negotiations, broker communications, prospective sale opportunities, and related business activities despite Neiswenter and Zurich's equal ownership interests and despite governing agreements requiring joint participation and approval in connection with significant Company decisions. (Countercl. ¶ 144).

8.

Upon information and belief, Zurich has further utilized personnel, contractors, and resources paid for by the Jointly Owned Company(ies) for entities, properties, and business activities not jointly owned by the parties while simultaneously restricting Neiswenter's

participation in Company operations and management. (Countercl. ¶ 145). As set forth in Neiswenter's Brief, Zurich's conduct has created a substantial risk of continuing and irreparable harm to the Companies and to Neiswenter, including the loss of Company opportunities, interference with Company governance, impairment of transparency, loss of access to financial information, diminution of Company value, and potential dissipation or concealment of Company assets. (Countercl. ¶ 146). Further, on information and belief, the Law Office has received, maintained, transferred, retained, administered, possessed, or exercised authority over Company funds and/or records relating thereto. Unless restrained by this Court, Zurich and the Law Office may continue transferring, investing, retaining, dissipating, concealing, or otherwise impairing the traceability and availability of Company funds.

9.

Accordingly, Neiswenter respectfully requests that the Court enter an immediate temporary restraining order:

(1) Requiring identification of each account holding Jointly Owned Company funds, disclosure of account ownership and signatories, provision of statements and transaction records, and account for all interest, gains, losses, fees, maturities, redemptions, and transfers;

(2) Enjoining Counterclaim-Defendants Zurich, the Law Office, TICZ, and all persons acting in concert with Counterclaim-Defendants who receive actual notice, from transferring, withdrawing, pledging, liquidating, reinvesting, distributing, encumbering, dissipating, or otherwise disposing of any Jointly Owned Company funds transferred since May 12, 2026, including, but not limited to, funds associated with the $1,994,384.44, $1,941,000.00, $997,168.89, $963,276.42, and $19,445.31

transactions identified in Neiswenter's Answer/Counterclaims, except by written agreement of both fifty-percent members or further order of the Court;

(3) Requiring all such Jointly Owned Company funds to remain segregated, identifiable, and fully traceable, and prohibiting commingling with Zurich's personal or the Law Office's funds;

(4) Requiring Zurich and the Law Office, within forty-eight hours of entry of the order on the present TRO/Receiver Motion, to identify every account holding the Jointly Owned Companies' funds or through which such funds passed, including the account title, institution, last four digits of the applicable account number, beneficial owner, authorized signatories, current balance, maturity date, and any restriction on withdrawal;

(5) Requiring Zurich and the Law Office, within five business days of [entry of the order on the present TRO/Receiver Motion] [the filing of this TRO/Receiver Motion], to provide statements and transaction-level records sufficient to trace the Jointly Owned Company's funds from May 12, 2026, through the present, including any Treasury purchase, maturity, redemption, and transfer records;

(6) Requiring restoration of Counterclaim-Plaintiff Neiswenter's view-only access to all financial accounts for the Jointly Owned Companies, without authorizing either member unilaterally to move any such funds;

(7) Prohibiting alteration, deletion, concealment, or destruction of relevant documents and electronically stored information that are in any way related to the allegations in this Lawsuit, or the finances, operations, or governance of the Jointly Owned Companies;

(8) Authorizing ordinary-course payment of documented third-party operating expenses, taxes, debt service, insurance, payroll, utilities, and emergency property-preservation expenses, but prohibiting payments to either member, either member's affiliates, or either member's law firm absent written agreement or Court order; and

**WHEREFORE**, Defendant and Counterclaim-Plaintiff David Neiswenter respectfully requests that the Court:

1) ***Grant*** Neiswenter's TRO/Receiver Motion;

2) ***Enter*** a Temporary Restraining Order against Counterclaim-Defendants Zurich, the Zurich Law Office, and TICZ:

(a) Requiring identification of each account holding Jointly Owned Company funds, disclosure of account ownership and signatories, provision of statements and transaction records, and account for all interest, gains, losses, fees, maturities, redemptions, and transfers;

(b) Enjoining Counterclaim-Defendants Zurich, the Law Office, TICZ, and all persons acting in concert with Counterclaim-Defendants who receive actual notice, from transferring, withdrawing, pledging, liquidating, reinvesting, distributing, encumbering, dissipating, or otherwise disposing of any Jointly Owned Company funds transferred since May 12, 2026, including, but not limited to, funds associated with the $1,994,384.44, $1,941,000.00, $997,168.89, $963,276.42, and $19,445.31 transactions identified in Neiswenter's Answer/Counterclaims, except by written agreement of both fifty-percent members or further order of the Court;

(c) Requiring all such Jointly Owned Company funds to remain segregated, identifiable, and fully traceable, and prohibiting commingling with Zurich's personal or the Law Office's funds;

(d) Requiring Zurich and the Law Office, within forty-eight hours of entry of the order on the present TRO/Receiver Motion, to identify every account holding or through which the funds passed, including the account title, institution, last four digits of the applicable account number, beneficial owner, authorized signatories, current balance, maturity date, and any restriction on withdrawal;

(e) Requiring Zurich and the Law Office, within five business days of [same blank as above; these should match], to provide statements and transaction-

level records sufficient to trace the funds from May 12, 2026, through the present, including Treasury purchase, maturity, redemption, and transfer records;

(f) Requiring restoration of Counterclaim-Plaintiff Neiswenter's view-only access to jointly owned company accounts, without authorizing either member unilaterally to move funds;

(g) Prohibiting alteration, deletion, concealment, or destruction of relevant documents and electronically stored information; and

(h) Authorizing ordinary-course payment of documented third-party operating expenses, taxes, debt service, insurance, payroll, utilities, and emergency property-preservation expenses, but prohibiting payments to either member, either member's affiliates, or either member's law firm absent written agreement or Court order;

(i) Prohibiting Counterclaim-Defendants from engaging in unilateral management decisions affecting Jointly Owned Company assets, leasing activities, refinancing efforts, distributions, lender communications, tenant relations, sales activities, or other material Company operations, except with the written agreement of both fifty-percent members, authorization of the Receiver, or further Order of the Court.

3) ***Enter*** an order appointing John F. Kennedy, Esq., of James Bates Bannon Groover LLP, as receiver (the "Federal Receiver") for the duration of the TRO to oversee and ensure Counterclaim-Defendants' compliance with the same with the authority to:

(a) preserve and protect Jointly Owned Company assets;

(b) receive, collect, hold, and administer Jointly Owned Company funds;

(c) obtain and maintain access to all Jointly Owned Company accounts, financial records, and financial information;

(d) supervise leasing activity and tenant communications;

(e) supervise refinancing efforts and lender communications;

(f) preserve Jointly Owned Company records and electronically stored information;

(g) investigate disputed transfers of Jointly Owned Company funds; and

(h) take such other actions that may be necessary to preserve and administer

the Jointly Owned Companies pending final resolution of this action;

4) ***Set*** an expedited hearing on Counterclaim-Plaintiff Neiswenter's request for an interlocutory injunction and accounting;

5) ***Grant*** such other relief as the Court deems just and appropriate.

Respectfully submitted this 23rd day of October, 2026.

BUCHALTER LLP

/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
3475 Piedmont Road NE
Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 832-7667
Email: bgoldberg@buchalter.com

*Counsel for Defendant, Counterclaim-Plaintiff*
*David Neiswenter*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2026, I electronically filed the foregoing EMERGENCY MOTION FOR APPOINTMENT OF A RECEIVER AND ENTRY OF A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION with the Clerk of Court using the CM/ECF system, which will automatically send notice of such filing to all counsel of record.

Respectfully submitted,

BUCHALTER LLP
/s/ Brian S. Goldberg
Brian S. Goldberg
Georgia Bar No. 128007
3475 Piedmont Road NE
Suite 1100
Atlanta, Georgia 30305
Telephone: (404) 832-7667
Email: bgoldberg@buchalter.com

*Counsel for Defendant, Counterclaim-Plaintiff, and Third-Party Plaintiff David Neiswenter*