IN THE SUPERIOR COURT OF BIBB COUNTY
STATE OF GEORGIA

ZACHARY ZURICH, )
)
Plaintiff, )
)
v. ) CIVIL ACTION
) FILE NO.: 2026-CV-085533

DAVID NEISWENTER, )
NEIS ACQUISITIONS 5192, LLC, )
NEIS ACQUISITIONS GA, LLC, )
2364 TICZ, LLC, )
NEIS ACQUISITIONS AUXGA, LLC, )
and )
NEIS ACQUISITIONS POPGA, LLC, )
)
Defendants. )

PLAINTIFF'S EMERGENCY MOTION FOR APPOINTMENT OF RECEIVER
AND REQUEST FOR EXPEDITED HEARING

COMES NOW Plaintiff Zachary Zurich, pro se, and pursuant to O.C.G.A. §§ 9-8-1, 9-8-3, 14-11-603, OCGA § 14-2-1430(2)(A), and Uniform Superior Court Rule 6.7, respectfully moves this Court for the emergency appointment of a receiver over the Property and related entities, and for an expedited hearing, showing the Court as follows:

1. Plaintiff has already filed a Complaint for Judicial Dissolution and Appointment of Receiver against the above-named Defendants.

2. Plaintiff and Defendant David Neiswenter each own a 50% membership interest in Neis Acquisitions 5192, LLC and Neis Acquisitions POPGA, LLC and Neis Acquisitions AUXGA, LLC. The parties are irrevocably deadlocked within the meaning of OCGA § 14-2-1430(2)(A ) on all major decisions concerning the management, leasing, and sale of the commercial real property located in Macon, Bibb County, Georgia (the "Property") and related auxiliary property and property in Vienna, GA owed by Neis Acquisitions POPGA, LLC.

3. A deadlock occurs "[w]here stock of [a] corporation is owned in equal shares by two contending parties, which condition threatens to result in destruction of business, and it appears that [the] parties cannot agree upon management of [the] business, and under existing circumstances neither one is authorized to impose its views upon the other, ..." Farrar v. Pesterfield, 216 Ga. 311, 314, 116 S.E.2d 229 (1960). The evidence in this case portrays a classic situation of deadlock. Compare Gregory v. J.T. Gregory & Son, 176 Ga.App. 788, 338

S.E.2d 7 (1985). Zachary and David are sole and equal shareholders functioned as de facto directors who were wholly unable to agree on the management of the business. Neither had the authority to prevail in his view and the hostile and static situation threatened irreparable injury to the corporation. Under these circumstances, the appointment of a receiver and dissolution is warranted. Farrar, supra at 314, 116 S.E.2d 229.  464 S.E.2d 814 (1996) 266 Ga. 154 BLACK V. GRAHAM et al. BLACKv. GRAHAM et al. Nos. S95A1715, S95A1918. Supreme Court of Georgia. January 8, 1996.

3. Having shown deadlock and the threat of irreparable injury, it is not necessary for misapplication or waste of corporate assets, which is an alternative basis for dissolution. OCGA § 14-2-1430(2)(D).

4. The primary Property is subject to a loan of approximately $8,500,000 from City National Bank that matures on December 17, 2026. The entities do not have sufficient liquid funds to satisfy the principal balance of the loan.

5.Property Owned by Neis Acquisitions POPGA, LLC has a loan of approximately $500,000. The value of the property declines based on the remaining term left in the lease.  The broker has recommended a quick significant price reduction. David Neiswenter is refusing.

6. National commercial real estate brokers have valued the Property (and a portion of the auxiliary property) between $23,000,000 and $28,000,000. A typical marketing and sale process requires four to five months.

7. Prospective tenants (including DD, Five Below, Mad Rag, Rainbow, and Ross) have expressed interest in leasing or renegotiating space, which would increase net operating income. Because of the deadlock, no timely decisions can be made which can result in the loss of the opportunity to rent the space essential to preserve the value of the property to be sold. Rainbow in particular has already issued a take it or leave it offer and has threatened to walk from the deal if not accepted immediately.  Over the objection of Zachary Zurich, David Neiswenter issued a long email essentially refusing Rainbow's proposal and refused to withdraw said email the same even after request.

8. Under O.C.G.A. § 9-8-3, a receiver may be appointed where there is manifest danger of loss, destruction, or material injury. The combination of the approaching loan maturity, the inability of the members to act, and the time required to market and sell the Property creates an extraordinary circumstance justifying emergency relief to prevent waste, foreclosure, or substantial diminution in value. 464 S.E.2d 814 (1996) 266 Ga. 154 BLACK v. GRAHAM et al. BLACKv.GRAHAM et al.Nos. S95A1715, S95A1918. Supreme Court of Georgia. January 8, 1996.

9.  David Neiswenter has stated that his aim is to acquire Zachary Zurich's interest.  In order to minimize the price David's incentive is to prevent any leases from being signed that would increase the income of the property.  David is taking actions to stall and block signing of leases

and lease negotiation in an attempt to lower the value of the property to try to acquire Zachary Zurich's interest at a discount. Additionally to avoid having to pay a fair market value for the property David is refusing to list the property for sale. These actions breach David's fiduciary duty to the company. 663 S.E.2d 204 (2008) 284 Ga. 68 GEORGIA REHABILITATION CENTER, INC. V. NEWNAN HOSPITAL. No. S08A0528. Supreme Court of Georgia. June 30, 2008. David has no right to acquire Zachary Zurich's interest. Zachary Zurich is statutorily entitled to dissolution and to a fair market value sale. David would ask this court to rework the rights of the parties to provide him rights he does not have.

10. David Neiswenter also wants to force distributions of funds the company needs for his own personal reasons which are not in the best interest of the Company. The Company needs liquidity to pay debt, pay for tenant improvements for prospective tenants who want to rent space and leasing commissions.

11. Plaintiff requests that the Court appoint a neutral receiver with authority to:
(a) Take possession and management of the Property and related assets;
(b) Collect rents and pay necessary operating expenses;
(c) Negotiate and execute leases for vacant or renewing spaces;
(d) Market and sell the Property and auxiliary property and property owned by Neis Acquisitions POPGA, LLC at fair market value;
(e) Wind up the affairs of Neis Acquisitions 5192, LLC and Neis Acquisitions POPGA, LLC; and
(f) Distribute net proceeds according to the parties' respective ownership interests after payment of expenses and mortgages.

12. Plaintiff further requests that the receiver be authorized to break deadlocks by making decisions when the members cannot agree, while taking joint input from the members when they are able to agree.

13. Pursuant to Uniform Superior Court Rule 6.7, Plaintiff requests that the Court shorten the normal time requirements and set this Motion for an emergency or expedited hearing at the earliest possible date because of the imminent loan maturity and the need to commence a sale process immediately.

WHEREFORE, Plaintiff respectfully prays that the Court:

(a) Set this Motion for an emergency or expedited hearing;
(b) Appoint a neutral receiver with the powers described above;
(c) Plaintiff requests that the Court waive bond if the Court finds it unnecessary under the circumstances
; and
(d) Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of August, 2026.

Zachary Zurich, Plaintiff pro se
1113 Towlston Road, Mclean VA 22102
954-557-0389
zaczurich@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing Plaintiff's Emergency Motion for Appointment of Receiver and Rule Nisi upon the following parties by e-service if available at the following addresses:

David Neiswenter
14817 SW 41ST STREET
DAVIE, FL 33331

Neis Acquisitions 5192, LLC
14817 SW 41ST STREET
DAVIE, FL 33331

Neis Acquisitions GA, LLC
14817 SW 41ST STREET
DAVIE, FL 33331

2364 TICZ, LLC
1113 Towlston Road
Mclean, VA 22102

Neis Acquisitions AUXGA, LLC
14817 SW 41ST STREET
DAVIE, FL 33331

Neis Acquisitions POPGA, LLC
14817 SW 41ST STREET
DAVIE, FL 33331

This __5___ day of August, 2026.

Zachary Zurich

Zachary Zurich

IN THE SUPERIOR COURT OF BIBB COUNTY
STATE OF GEORGIA

ZACHARY ZURICH, )
)
Plaintiff, )
)
v. ) CIVIL ACTION
) FILE NO.: _______________
DAVID NEISWENTER, et al., )
)
Defendants. )

RULE NISI

The foregoing Plaintiff's Emergency Motion for Appointment of Receiver having been read and considered,

IT IS HEREBY ORDERED that the Defendants appear before this Court on the _____ day of August, 2026, at ______ _.m., in Courtroom ____ of the Bibb County Courthouse, 601 Mulberry Street, Macon, Georgia, then and there to show cause, if any they have, why the relief requested in Plaintiff's Emergency Motion for Appointment of Receiver should not be granted.

IT IS FURTHER ORDERED that a copy of this Rule Nisi, together with a copy of the Emergency Motion, be served upon Defendants in accordance with law.

SO ORDERED this _____ day of August, 2026.

_________________________________
Judge Ken Smith Superior Court
Bibb County, Georgia